UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEFFREY VENZA TURNER | CIVIL ACTION NO. 16-cv-1001 |
| VERSUS | JUDGE FOOTE |
| KYLE THOMAS, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Jeffrey Venza Turner ("Plaintiff") is self-represented. He filed this civil rights complaint against state District Judge Ramone Lafitte, Progressive Security Insurance, Kyle Thomas (agent), and the Louisiana Office of Motor Vehicles. He alleges in his complaint that his commercial driver's license was wrongfully suspended and that Judge Lafitte did not rule in Plaintiff's favor in a related state court lawsuit. For the reasons that follow, it is recommended that the complaint be dismissed.

**Review Under Section 1915; Rule 12(b)(6)**

Plaintiff is proceeding in forma pauperis. The court is authorized by 28 U.S.C. § 1915(e)(2) to dismiss a pauper complaint "at any time" if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. The statute gives the court authority to screen the proceeding for frivolousness or maliciousness even before service of process or the filing of the answer. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). And a district court may dismiss any action on its own motion under Rule

12(b)(6) as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Sua sponte recommendation of dismissal is fair because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to possible dismissal. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)

To survive a Rule 12(b)(6) review, "a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The facts alleged, taken as true, must state a claim that is plausible on its face. Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir. 2011).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 127 S.Ct. at 1965).

**The Complaint**

Plaintiff's complaint does not set forth a great deal of facts. Plaintiff complains that his commercial driver's license was "illegally suspended" by Progressive, which caused him to lose his $15 per hour job. Plaintiff alleges that he filed suit over the issue in state court,

and Judge Lafitte dismissed the suit based on a statute of limitations defense. Plaintiff complains that the judge showed no sensitivity to him and "must be taking bribes."

The exhibits attached to the complaint tell a little more of the story. An accident report from December 2012 indicates that Plaintiff was traveling west on Lakeshore Drive in Shreveport when a car exited a Church's Chicken parking lot and pulled in front of him, also traveling west. The driver of the car told the investigating officer that she saw Plaintiff's vehicle approaching, but it was far back when she entered the road. Plaintiff said that the car turned directly in front of him, which forced him to swerve to the left to avoid contact. Oncoming eastbound traffic forced him to return to the right lane, and the cars made contact.

The driver of the other car was insured by Progressive. A receipt and release indicates that Plaintiff's passenger asserted a claim against the other driver and settled for about $8,500. The Office of Motor Vehicles notified Plaintiff in 2013 that his driving privileges were subject to suspension because he was in an accident while driving without liability insurance. Plaintiff was advised that he could obtain reinstatement of his license by submitting certain information, including evidence that he had liability insurance at the time of the accident or payment of fines. There is no indication that Plaintiff attempted to comply with the requirements.

Also attached to the complaint are minutes from Shreveport City Court that show Plaintiff a suit in that court in 2013 against the driver of the other car and Progressive. The defendants were granted summary judgment. Plaintiff then submitted a filing that stated he wished to withdraw the suit to allow the filing in district court. The documents submitted

by Plaintiff indicate that Judge Lafitte dismissed the district court claim against Progressive based on prescription. Plaintiff submitted an unsigned request for an appeal, but it is not apparent from the submissions whether an appeal was actually lodged or whether claims were asserted in district court against any other defendants.

**Civil RICO**

Plaintiff indicated on his form complaint that federal question was the basis for this court's jurisdiction. The form asked Plaintiff to list specific statutes or provisions of the Constitution that were at issue. Plaintiff listed several sections of Title 18 regarding wire fraud, interference with commerce, robbery, and racketeering. It appears, based on the citations to 18 U.S.C. §§ 1961-1968, that Plaintiff is attempting to assert a civil RICO claim.

RICO creates a civil cause of action for any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962. 18 U.S.C. § 1964(c). To state a RICO claim under Section 1962, there must be (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. A pattern of racketeering activity requires two or more predicate acts and a demonstration that the predicates are related and amount to or oppose a threat of continued criminal activity. Brown v. Protective Life Ins. Co., 353 F.3d 405, 407 (5th Cir. 2003); St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 439-41 (5th Cir. 2000).

Plaintiff's complaint does not come close to satisfying the demanding elements of a civil RICO claim. Plaintiff does not allege with any degree of plausibility any federal crimes or a pattern of racketeering activity, a RICO enterprise, or the other elements of a claim. He

simply describes his unhappiness at having his driver's license suspended because he was involved in an accident when he did not have liability insurance as required by state law. Plaintiff complains that his license should not have been taken, but he does not allege an actionable pattern of racketeering activity in connection with the suspension.

**Driver's Privacy Protection Act**

Plaintiff cites 18 U.S.C. § 2721, the Driver's Privacy Protection Act, as a basis for federal jurisdiction. The Act generally prohibits a state department of motor vehicles from divulging personal information except for authorized purposes, and it provides a civil remedy for violations. 18 U.S.C. § 2724.

Plaintiff's complaint contains a bare citation to Section 2721 in the statement of jurisdiction, but it does not otherwise mention the Act. The complaint also makes no allegations of facts that could plausibly make out a claim of wrongful disclosure or use of personal information. Plaintiff complains that his license was suspended, but that is not the basis of a cause of action under the Act.

**Other Grounds for Dismissal**

Plaintiff does not invoke any other basis for the exercise of federal subject-matter jurisdiction. There is no mention in his complaint of 42 U.S.C. § 1983, which is often invoked by plaintiffs who complain that their constitutional rights were violated. Even if Plaintiff had invoked Section 1983, his complaint would have to be dismissed.

The Eleventh Amendment bars Section 1983 claims against the State or its agencies and departments that are considered arms of the State. The Office of Motor Vehicles is a

division within the Department of Public Safety and Corrections. It is considered an arm of the state for Eleventh Amendment purposes. Lewis v. Hanemann, 2015 WL 5883547, *2 (W.D. La. 2015); Bosley v. Louisiana Office of Motor Vehicles, 2013 WL 4736865, *2 (M.D. La. 2013). Therefore, the court lacks jurisdiction to hear Plaintiff's claims against the Office of Motor Vehicles.

Plaintiff's claim against Judge Lafitte would have to be dismissed based on judicial immunity. Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). That immunity is not overcome by allegations of bad faith or malice. Pierson v. Ray, 87 S.Ct. 1213 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. Mireles, 112 S.Ct. at 288; Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009). Plaintiff's complaints about the judge all concern actions the judge took directly in connection with a pending civil suit. That conduct unequivocally fell within the judge's authority as a judicial officer and affords the judge immunity from suit based on his rulings and actions in the case.

The complaint lists Kyle Thomas as a defendant. It identifies Thomas only as "agent," which presumably means an agent of Progressive. The complaint never mentions Thomas again or directs any allegations toward him. That, alone, warrants dismissal of any

claim against Thomas. Furthermore, private citizens such as Thomas and Progressive are not subject to suit under Section 1983. See West v. Atkins, 108 S.Ct. 2250 (1988).

To the extent Plaintiff is attempting to have the federal court correct what he perceives to be an error in the state court proceedings, such a claim may be barred by the Rooker-Feldman doctrine. It provides that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify or nullify final orders of state courts. Union Planters Bank v. Salih, 369 F.3d 457 (5th Cir. 2004); Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). If a state court or tribunal errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse to the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Id. See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

**Sanctions Warning**

Plaintiff's complaint, which he was allowed to file in forma pauperis, is frivolous. Plaintiff is warned that if he files additional pleadings or complaints that are similarly lacking in legal or factual merit he may be subjected to sanctions. Those sanctions may include a bar on filing in forma pauperis or even filing at all without prior permission from a district judge. The sanctions may also include an order that Plaintiff pay monetary sanctions adequate to deter the waste of judicial resources that is caused by frivolous suits such as this.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of November, 2016.

_Mark L. Hornsby_
U.S. Magistrate Judge